## ARTHUR B. HARRINGTON et al for an OPINION.

### JUNE 6, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Auctioneers.   Civil Officers.*

An auctioneer appointed by a town council under Gen. Laws, 1909, cap. 188,. § 1, must be regarded as having the same status as one elected in town meeting under cap. 49. Sec. 1.

*(2)  Auctioneers.   Civil Officers.*

In this State an auctioneer is by legislative intention the holder of a civil office within the meaning of that term as used in Sec. 1, Art. IX of the constitution.

*(3)  Auctioneers.   Civil Officers.*

A town council cannot appoint as an auctioneer under Gen. Laws, 1909, cap. 188, § 1, a person who is residing in and claims a residence in the town but who is not a qualified elector for said office.

QUESTION stated for opinion of the court under Gen. Laws cap. 289 § 20.

SWEETLAND, C. J.   The members of the town council of Warwick on one side and Jacob B. Gordon and Louis Gordon on the other have adversary interests in a question involving the construction of the statutory provisions relating to auctioneers.   In this proceeding they have concurred in stating such question to the court and in requesting our opinion thereon in accordance with the provisions of Section 20 of Chapter 289, General Laws, 1909.

It appears that on April 11, 1922, said Jacob B. Gordon and Louis Gordon resided in said Warwick but were not qualified electors of said town; · that on said day they were by said town council appointed auctioneers of the town of Warwick to hold their respective offices until the next annual election of town officers in said town.   A doubt has now arisen in the minds of the members of said town council as to whether under the constitution and laws of this State said Jacob B. and Louis Gordon were eligible to be appointed auctioneers as aforesaid, and as to whether the action of the town council in thus electing them was legal and effective.

The question submitted to us by the parties is as follows: "May the Town Council of any town appoint as an auctioneer to hold office until the next annual election of town officers, a person who is residing in and claims a residence in the town but who is not a qualified elector for said office?" The essential matter is as to whether the status of an auctioneer constitutes a civil office within the meaning of that term as it is used in Section 1, Article IX of the Constitution of Rhode Island. That section is as follows: "Section 1. No person shall be eligible to any civil office (except the office of school committee), unless he be a qualified elector for such office."

Counsel for the Messrs. Gordon have urged that in the determination of the question before us we should look entirely to the nature of an auctioneer's functions; that the important consideration is that he is conducting a business for his own personal gain as an agent for private parties and not as an agent for the city or state. Counsel have called our attention to the status of auctioneers under the laws of other jurisdictions wherein it clearly appears that an auctioneer is not regarded as a public officer but merely as a person conducting a private business, for the prosecution of which a license is required, and counsel further urge that provisions of the Rhode Island statute which name auctioneers as public officers and treat them as such are entitled to little weight in view of what counsel claim is the private nature of their functions.

With us, from early Colonial times down to the present, sales at auction have been regarded as proper subjects for governmental regulation; and auctioneers with powers to make such sales in accordance with public regulation and having certain duties to perform with reference to the public revenue have been enumerated by the general assembly among the town officers to be chosen by the electors on their town election days. Our present statutory provision is contained in Section 1, Chapter 49, General Laws, 1909, the essential portions of which are as follows: "The

electors in each town shall annually, on their town election days, choose and elect as many town officers as by the laws of the state are or shall be required; that is to say, a moderator to preside in all the meetings of the town, and a town clerk, a town council to consist of not less than three nor more than seven members . . . one or more auctioneers . . . and all such other officers as by law are required in such town and as each or any town shall have occasion for." An auctioneer is required to take the engagement prescribed for civil officers generally; Section 15, Chapter 49, Gen. Laws, 1909. It is provided in Section 2, Chapter 188, General Laws, 1909, as follows: "Every auctioneer shall, within ten days after his election or appointment, give bond to the town treasurer, . . . conditioned faithfully to execute the duties of his office according to law." A penalty is prescribed against all persons who "assume or exercise the office of an auctioneer," without being legally chosen, unless they are within certain excepted classes; Section 22, Chapter 188, Gen. Laws, 1909. An auctioneer is required to retain from the amount of his sales a certain duty upon property sold by him and pay such duty to the géneral treasurer for the benefit of the State and the town in which he is elected or appointed; Section 12 to 18, Chapter 188, Gen. Laws, 1909. It is provided by Section 1, Chapter 188, General Laws, 1909, as follows: "In addition to the auctioneers elected in town meeting, the town council of any town may from time to time appoint as many more for their town as they may deem expedient, to hold their offices until the next annual election of town officers." An auctioneer appointed by the town council under the above section must be regarded as having the same status as an auctioneer elected in town meeting.

Counsel for the Messrs. Gordon might fairly argue that some of the statutory provisions to which we have referred above are perfectly consistent with the view that auctioneers are not civil officers and that such provisions may be regarded merely as regulations imposed upon the conduct

of a private business. We think however that taking all
the provisions together they unquestionably lead to the
conclusion that the general assembly has always intended
to place auctioneers in the category of civil officers. This
was the state of the law for more than a century before the
adoption of our present constitution and has so remained for
eighty years since. We must conclude that with us by
legislative intention, an auctioneer is the holder of a civil
office within the meaning of that term as used in Section 1,
Article IX of the Constitution *supra*. We therefore answer
the question submitted in the negative.

*Harold R. Curtis, Town Solicitor,* for Town Council.
*Curtis, Matteson, Boss & Letts,* for Jacob and Louis Gordon.